IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>*ex rel.* JOHN P. RAYNOR, | )<br>)<br>) | Case No. 8:08-CV-48 |
| Relator, | )<br>) | |
| v. | )<br>)<br>) | **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO UNSEAL THE COMPLAINT AND FIRST AMENDED COMPLAINT** |
| NATIONAL RURAL UTILITIES<br>COOPERATIVE FINANCE CORPORATION,<br>*et al.*, | )<br>)<br>) | |
| Defendants. | )<br>) | |

Defendants National Rural Utilities Cooperative Finance Corporation ("CFC"), Sheldon C. Petersen, John J. List, and Steven L. Lilly (collectively "the CFC Defendants") respectfully submit this Memorandum of Law in support of their Motion to Unseal the Complaint and First Amended Complaint.

## BACKGROUND

Relator John P. Raynor ("Relator") commenced this *qui tam* action on January 31, 2008, purportedly on behalf of the United States of America and against the CFC Defendants and others alleging violations of the civil False Claims Act. The original Complaint was filed under seal as contemplated by the *qui tam* provisions of the False Claims Act. On or about February 11, 2008, Relator filed a First Amended Complaint under seal. On November 14, 2008, Relator filed a Second Amended Complaint under seal [Doc. # 11]. On April 9, 2010, the United States filed its Notice of Election to Decline Intervention, pursuant to 31 U.S.C. § 3730(b)(4)(B)

\\\DE - 082399/000038 - 471457 v3

[Doc. # 25]. On April 28, 2010, the Court unsealed Relator's Second Amended Complaint [Doc. # 26]. Relator filed a Third Amended Complaint on September 2, 2010 [Doc. # 36]. The CFC Defendants were served with the Third Amended Complaint on September 29 and 30, 2010. Relator's original Complaint and First Amended Complaint remain under seal pursuant to this Court's Order of April 28, 2010 [Doc. # 26].

## ARGUMENT

The CFC Defendants seek an order unsealing the original and First Amended Complaints filed by Relator in this action. The basis for this request is quite straightforward. The CFC Defendants anticipate filing a motion to dismiss on grounds that Relators claims fall outside the subject matter jurisdiction of the Court as a result of 31 U.S.C. § 3730(e)(4), the *qui tam* statute's "public disclosure bar." A federal court lacks jurisdiction to hear a relator's *qui tam* claims under the False Claims Act if they are based upon allegations that were publicly disclosed, unless the relator is the "original source" of the allegations as defined by the statute. *See Minnesota Ass'n of Nurse Anesthetists v. Allina Health Sys. Corp.*, 276 F.3d 1032, 1045–48 (8th Cir. 2002); 31 U.S.C. §§ 3730(e)(4)(A), (B). The "original source" analysis under the public disclosure bar turns upon a showing that the relator has "direct and independent knowledge of the information on which the allegations are based" and has "voluntarily provided the information to the Government before filing an action" under the *qui tam* provisions of the statute. 31 U.S.C. § 3730(e)(4)(B).

In this case, it is critical to understand which allegations were at issue—and what direct and independent knowledge Relator possessed supporting the allegations—at each fundamental stage in the proceedings: when the suit was commenced, and at each subsequent point when the allegations in the Complaint were amended. Based solely on a review of the Second and Third

Amended Complaints—without the benefit of review of the original and First Amended Complaints—it appears that Relator relies on allegations and transactions that were publicly disclosed in lawsuits involving Relator and various defendants in this case and that those disclosures predate the Second Amended Complaint. Indeed, a large number of Relator's allegations appear to find their genesis in a lawsuit Relator and another plaintiff jointly filed against CFC, the United States Department of Agriculture and others in the time period between Relator's filing of the First Amended Complaint and the Second Amended Complaint. *See Declaratory Judgment & Request for an Injunction, Jeffrey J. Prosser and John P. Raynor v. Federal Agricultural Mortgage Corporation, the United States Department of Agriculture, and the National Rural Utilities Cooperative Finance Corporation*, Case No. 1:08-cv-00687 (D.D.C. April 22, 2008) ("USDA Fraud Case Complaint") (attached hereto as Ex. A).

Relator and his co-plaintiff in the USDA Fraud Case Complaint attempted to make many of the same allegations that Relator purports to raise in the Second Amended Complaint. For example, both the USDA Fraud Case Complaint and the Second Amended Complaint allege that CFC engaged in a scheme to misappropriate monies from the Rural Telephone Finance Corporation (a cooperative allegedly under CFC's control) and relied on this scheme to misreport its finances in connection with securing federal loans. *See* USDA Fraud Case Complaint ¶¶ 16–30, 65–69, 87; Second Amended Complaint ¶¶ 31–51. Both allege CFC submitted improperly audited financial statements in connection with securing federal loans. *See* USDA Fraud Case Complaint ¶¶ 46–49, 87(iii); Second Amended Complaint ¶¶ 67–68. Both allege CFC relied on fraudulent documents and accounting practices to receive the "investment grade" rating necessary to be eligible for loan guarantees from the USDA. *See* USDA Fraud Case Complaint ¶¶ 85–92; Second Amended Complaint ¶¶ 89–91. Both allege CFC received

investments from Farmer Mac that exceeded the investment level authorized by Farmer Mac's regulations. *See* USDA Fraud Case Complaint ¶¶ 72–84; Second Amended Complaint ¶¶ 114–122. The Third Amended Complaint contains similar allegations. Because each of these allegations was publicly disclosed in the USDA Fraud Case before the Second Amended Complaint was filed, subject matter jurisdiction will be lacking, at least to the extent the allegations were not included in the original or First Amended Complaint. *See United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 342 F.3d 634, 645–46 (6th Cir. 2003) (holding Section 3930(e)(4) applied to bar allegations alleged in an amended complaint—but not alleged in the original complaint—that were based on a complaint filed in another matter in the time period between the original complaint and the amended complaint); *United States ex rel. Montgomery v. St. Edward Mercy Med. Ctr.*, No. 4:05-CV-00899, 2007 WL 2904111, *8 (E.D. Ark. Sept. 28, 2007) (noting "every court to consider the issue" has held that "[t]o allow [the relator] to rely on publically disclosed information to make her case simply because disclosure came after her (unsustainable) complaint was filed is to make application of the public disclosure bar a function of a fortuity having no necessary relationship to the goals of the 1986 amendment" (citations omitted)). CFC therefore must review the original and First Amended Complaints to determine whether subject matter jurisdiction exists.

The CFC Defendants' request is consistent with the position of the Government, as stated in its Notice of Election to Decline Intervention [Doc. # 25]. The United States, upon making its election to decline intervention, requested that the Relator's "Complaint" be unsealed. The Court entered an Order unsealing only the "operative" complaint—*i.e.*, the Second Amended Complaint on file at that time—and requiring all other papers filed before April 9, 2010, to remain under seal. The Act, however, expressly contemplates that a relator's *qui tam* complaint

will be unsealed when the United States has made its election to intervene or to decline to intervene. *See United States ex rel. Erickson v. Univ. of Wash.,* 339 F. Supp. 2d 1124, 1126 (W.D. Wa. 2004) ("The FCA clearly contemplates the lifting of the seal on the relator's complaint."); 31 U.S.C. §§ 3730(b)(2), 3730(b)(3). The Act makes no distinction between the original and any subsequent amendments to the complaint, and makes no express provision for unsealing only the "operative" complaint.

The purpose of imposing a seal on a relator's FCA complaint is "to allow the Government to seek an extension of the 60-day time period, not to protect the . . . relator." *United States ex rel. Herrera v. Bon Secours Cottage Health Servs.,* 665 F. Supp. 2d 782, 785 (E.D. Mich. 2008). "Because there is nothing in the FCA suggesting that the initial seal [is] imposed to protect the identity of the relator or that *qui tam* complaints in which the Government decides not to intervene should be permanently sealed," any request to maintain a seal after the Government has declined to intervene "must overcome the strong presumption in favor of access to judicial records." *Id.*; *see Nixon v. Warner Comms.,* 435 U.S. 589, 597 (1978) (there is a strong presumption in favor of public access to judicial records). The "sealing of court records is not warranted absent the presence of a factor sufficient to outweigh the strong interest in public access, such as national security considerations, trade secrets, personal privacy interests, and personal safety concerns." *United States ex rel. Jack Permison v. Superlative Techs.,* 492 F. Supp. 2d 561, 564 (E.D. Va. 2007). Indeed, "the presumption in favor of public access to court filings is especially strong where, as here, the filings involve matters of particular concern to the public, such as allegations of fraud against the government." *Id.* (citing *Under Seal v. Under Seal,* No. 94-1171, 1994 WL 283977, at *2 (4th Cir. June 27, 1994)).

The Court must balance the pragmatic needs of the CFC Defendants here for disclosure of the original and First Amended Complaints against the potential harm caused by the disclosure to the Government or Relator. *See, e.g., United States ex rel. Yannacopolous v. General Dynamics*, 457 F. Supp. 2d 854, 859 (N.D. Ill. 2006); *United States ex rel. O'Keefe v. McDonnell Douglas Corp.*, 902 F. Supp. 189, 191 (E.D. Mo. 1995). Where—as here—the allegations in the sealed complaint relate to disputes that are not the subject of an ongoing confidential investigation, the potential harm to the Government or the Relator if the Court unseals the original and First Amended Complaints is slight. *See United States ex rel. Schweizer v. Oce, N.V.*, 577 F. Supp. 2d 169, 177 (D.D.C. 2008); *Yannacopolous*, 457 F. Supp. 2d at 859–60 (discussing cases). The balance weighs even more heavily in favor of unsealing when—as here—a defendant "asks the Court to unseal only relators' filings—not the government's." *Schweizer*, 577 F. Supp. at 177; *see United States ex rel. Burns v. A.D. Roe Co., Inc.*, 904 F. Supp. 592, 594 (W.D. Ky. 1995) ("Once the Relator's identity has been revealed, there is no justification for keeping Defendant in the dark concerning his factual allegations."). The Government recognized as much when it asked this Court to unseal Relator's Complaint, noting that it was requesting that only those documents "discussing the content and extent of the United States' investigation" remain under seal [Doc. # 25]. The CFC Defendants' present request comports with this: Defendants ask only that the Court unseal Relator's pleadings.

When a False Claims Act defendant has a legitimate need to review a sealed complaint in order to adequately formulate its defense, the complaint should be unsealed. *See Yannacopolous*, 457 F. Supp. 2d at 860; *United States ex rel. Health Outcomes Techs. v. Hallmark Health Sys., Inc.*, 349 F. Supp. 2d 170, 174 (D. Mass. 2004). As noted above, the CFC Defendants have a legitimate and substantial need for disclosure of the original and First Amended Complaints that

only can be met if the Court unseals the documents. Without access to the original Complaint and First Amended Complaint, the CFC Defendants are unable to compare Relator's claims in this case to the public disclosures Relator and another plaintiff generated in the USDA Fraud Case, an analysis essential to determining the extent, if any, of this Court's subject matter jurisdiction over Relator's claims. *See* 31 U.S.C. § 3730(e)(4).

Unless and until the original Complaint and First Amended Complaint are unsealed, the CFC Defendants will be unable to determine whether the public disclosure bar applies to the allegations in the Second and Third Amended Complaints. Indeed, until the original Complaint and First Amended Complaint are unsealed, the CFC Defendants cannot undertake a complete Section 3730(e)(4) analysis at all, *see United States ex rel. Barth v. Ridgedale Electric, Inc.*, 44 F.3d 699, 703 (8th Cir. 1995) ("A court reaches the original source question only if it finds the plaintiff's suit is based upon information that has already been publicly disclosed."), and their defenses may be materially hampered as a result. *See Schweizer*, 577 F. Supp. 2d at 172–73 ("If relators have relied on publicly available information, they may not be 'original sources' with standing to bring this FCA action, and Oce could properly move to dismiss for lack of subject matter jurisdiction. Unless the exhibits are unsealed, however, Oce cannot evaluate this potential defense.").

In light of the strong presumption in favor of unsealing a relator's complaint once the Government has declined to intervene, the burden is on Relator to show why the original and First Amended Complaints should remain under seal. *See Herrera*, 665 F. Supp. 2d at 785–86. Balanced against the CFC Defendants' substantial need for disclosure of the complaints, whatever minimal justification Relator may have for keeping the original and First Amended

Complaints sealed simply cannot meet this burden. The original and First Amended Complaint should therefore be unsealed.

## CONCLUSION

WHEREFORE, the CFC Defendants respectfully request that their motion be granted and that the Court enter an order unsealing the original Complaint and First Amended Complaint.

Respectfully submitted this 26th day of October, 2010.

> NATIONAL RURAL UTILITIES COOPERATIVE
> FINANCE CORPORATION, SHELDON C.
> PETERSEN, JOHN J. LIST, STEVEN L. LILLY,
> Defendants.
>
> By: /s/ Thomas J. Culhane
> Thomas J. Culhane - #10859
> ERICKSON | SEDERSTROM
> 10330 Regency Parkway Drive, Suite 100
> Omaha, NE 68114-3761
> Telephone: (402) 397-2200
> Facsimile: (402)390-7137
> culhane@eslaw.com

## CERTIFICATE OF SERVICE

It is hereby certified that on October 26, 2010, the foregoing Memorandum of Law in Support of Motion to Unseal the Complaint and First Amended Complaint was filed with the Clerk of the United States District Court using the CM/ECF filing system, effecting service upon those parties presently entitled to notice:

| | |
|---|---|
| Anastasia Wagner | awagner@ldmlaw.com |
| Andrew D. Strotman | astrotman@clinewilliams.com |
| Edward G. Warin | Edward.Warin@kutakrock.com |
| James P. Fitzgerald | jfitzgerald@mcgrathnorth.com |
| Jeffrey A. Toll | jeffrey.toll@usdoj.gov |
| Laurie A. Kelly | laurie.kelly@udoj.gov |
| Matthew M. Enenbach | matthew.enenbach@kutakrock.com |
| Michael K. Huffer | mhuffer@ctagd.com |
| Michael L. Schleich | mschleich@fslf.com |
| Richard J. Rensch | badlands6969@yahoo.com |

| | |
|---|---|
| Terry J. Grennan | tgrennan@ctagd.com |
| Thomas J. Culhane | culhane@eslaw.com |
| Thomas J. Kenny | thomas.kenny@kutakrock.com |
| William M. Lamson Jr. | wlamson@ldmlaw.com |

Notice and a copy of the Memorandum of Law in Support of Motion has been served by mailing the same by regular United States mail, postage prepaid, on October 26, 2010, to the following non-CM/ECF System users:

James Nichols
Michael A. Lindsay
Dorsey Whitney Law Firm
50 South Sixth Street, Suite 1500
Minneapolis, MN  55402-1498

*s/ Thomas J. Culhane*