IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *ex rel.* JOHN P. RAYNOR, | ) ) ) | CASE NO. 8:08CV48 |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| NATIONAL RURAL UTILITIES COOPERATIVE FINANCE CORPORATION, NATIONAL RURAL ELECTRIC COOPERATIVE ASSOCIATION, RANDALL B. JOHNSTON, DELOITTE TOUCHE USA, LLP, SHELDON C. PETERSEN, JOHN J. LIST, STEVEN L. LILLY, GLENN L. ENGLISH, ERNST & YOUNG LLP, MOODY'S CORP., MOODY'S INVESTORS SERVICE, INC., THE MCGRAW HILL COMPANIES, INC., FITCH, INC., and FITCH RATINGS, LTD., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | MEMORANDUM AND ORDER |
| Defendants. | ) | |

This matter is before the Court on the Motion to Alter or Amend Judgment (Filing No. 167), filed by the Relator Plaintiff John P. Raynor ("Raynor"). Raynor seeks reconsideration of the Court's Amended Memorandum and Order of March 15, 2011 (the "Order") (Filing No. 166). Also before the Court is the Statement of Interest (Filing No. 169) filed by the United States of America. The Court's Order and the separate Judgment (Filing No. 165), dismissed Raynor's Third Amended Complaint ("TAC") (Filing No. 36) with prejudice. For the reasons discussed below, Raynor's Motion will be denied; the United States' Statement of Interest will be adopted in part; and the dismissal of the action with respect to the United States will be without prejudice.

**BACKGROUND**

Raynor brought this *qui tam* action under the False Claims Act ("FCA"), 31 U.S.C. § 3729(a)(1)-(3)[1] on behalf of the United States of America, claiming to have knowledge of Defendants' activities, primarily those of National Rural Utilities Cooperative Finance Corporation ("CFC"), that resulted in fraud upon the United States. The Court incorporates herein, by reference, the factual and procedural history, and the analysis contained in its Order. Raynor filed this Motion for Reconsideration on the grounds that the Court should have given Raynor an opportunity to amend his Complaint for a fourth time and that the Court's analysis applied the law in error. The United States filed its Statement of Interest, requesting that the Court consider certain legal arguments regarding the Court's interpretation of the FCA in addressing Raynor's Motion. The United States also requests that, should the Court find that dismissal is appropriate, the Court specify that dismissal is without prejudice as to the United States.

**STANDARD OF REVIEW**

Raynor brings his motion under "Local Rule 7"[2] and Federal Rule of Civil Procedure 59(e). (Filing No. 167 at 1.) "A district court has broad discretion in determining whether to grant or deny a motion to alter or amend judgment pursuant to Rule 59(e) . . . ." *United States v. Metropolitan St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006). "Rule 59(e) motions serve the limited function of correcting 'manifest errors of law or fact[.]'" *Id.*

---

[1] Congress amended each of these sections in 2009, and the applicability of the 2009 amendments is addressed throughout the discussion section of the Court's previous Order. The TAC only referenced the prior versions of 31 U.S.C. § 3729(a)(1)-(3).

[2] NECivR 7.0.1 refers generally to motion practice in this Court.

(quoting *Innovative Home Health Care v. P.T.-O.T. Assoc. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998)) (internal quotation marks omitted). "Such motions cannot be used to . . . tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Id.* (quoting *Innovative Home Health Care*, 141 F.3d at 1286). Under the circumstances presented in this case, Raynor must demonstrate that this Court made a manifest error of law or fact, and that this Court "should give fresh consideration to [his] arguments because manifest injustice would otherwise result." *Sipp v. Astrue*, No. 10-3278, 2011 WL 2305618, at *4 (8th Cir. June 13, 2011).

## DISCUSSION

I.  **Legal Basis for Claims and United States' Statement of Interest**

Both Raynor and the United States question the sufficiency of the Court's analysis of the TAC under Federal Rule of Civil Procedure 12(b)(6). Raynor relies largely on arguments already set forth in his original brief. The Court has carefully reviewed Raynor's arguments and, to the extent they differ from those put forth by the United States, has identified no manifest error of law. The Court has also considered the United States' arguments in its review of Raynor's Motion. In general terms, the United States suggests that the Court's Order (1) conflates the elements of falsity and knowledge in its discussion of objective falsity, imposing an intent requirement under the FCA; (2) inappropriately shields the Defendants from liability based on the flexibility of generally accepted accounting principles ("GAAP"); and (3) inappropriately states that reliance is an element of an FCA violation. (*See* Filing No. 169.)

To determine the sufficiency of Raynor's allegations regarding the legal falsity of the Defendants' claims, the Court was required to consider whether Raynor alleged sufficient facts from which the Court could infer that the Defendants knew that they had violated a statute or regulation. *See United States ex reI. Conner v. Salina Reg 'I Health Center, Inc.*, 543 F.3d 1211,1217-19 (10th Cir. 2008) (to be actionable under the FCA, a defendant's claim based on a false certification must demonstrate that the defendant knowingly failed to comply with a statute or regulation where such compliance was a condition of payment). In other words, Raynor needed to allege that the Defendants knew that CFC's claims violated the law. At a minimum, Raynor would be required to allege that the Defendants knew that their accounting practices, on which their certifications to the government were based, were not within reasonable interpretations of "GAAP." Thus, even if Raynor was not required to allege intent, he was required to allege that the Defendants knew their statements were legally insufficient. The TAC did not assert that the Defendants knew their financial statements were outside the tolerable limits of GAAP, and thus Raynor failed to state legal falsity under the FCA.

The United States also argues that the Court was required to consider the reasonableness of the Defendants' interpretation of GAAP before dismissing the claims. The United States cites *Minnesota Assoc. of Nurse Anesthetists v. Allina Health Sys. Corp.*, 276 F.3d 1032 (8th Cir. 2002), for the proposition that a defendant that relies on an unreasonable interpretation of a regulation will not be shielded from liability under the FCA simply because the regulation could be subject to multiple interpretations. In *Minnesota Association of Nurse Anesthetists*, the defendants were alleged to have billed the

government for services they did not perform. The defendants alleged that a regulation was ambiguous as to whether the services could be billed in the manner the defendants billed them. Despite receiving a memorandum from the government clarifying how to bill under the regulation, the defendants continued to bill for services in a manner contrary to the memorandum. The Eighth Circuit stated that if "the [relator] shows the defendants certified compliance with the regulation knowing that the [government] interpreted the regulation in a certain way and that their actions did not satisfy the requirements of the regulation as the [government] interpreted it, any possible ambiguity of the regulations is water under the bridge." *Id.* at 1053. In contrast, Raynor failed to allege that the Defendants lacked any reasonable basis to believe that their certifications complied with GAAP. In other words, the TAC failed to allege that the Defendants knew, or should have known, that their interpretation of the flexible GAAP standards was outside tolerable interpretation or unsupported by federal law. Instead, the TAC made conclusory statements to the effect that the Defendants' actions were unsupported by GAAP. The Eighth Circuit has stated that "it is important to remember that the standard for liability is knowing, not negligent, presentation of a false claim." *Id.* Despite the TAC's factually detailed allegations, Raynor failed to allege that the Defendants knowingly submitted legally false claims, or claims that were based on certifications made on intolerable interpretations of GAAP standards.

Finally, the Court's decision should not be read to impose a reliance requirement under the FCA. The Court used the terms "rely" and "reliance" in a single sentence of the Order to describe the TAC's lack of any allegation as to the "material effect" of the claims. Regardless of the semantics of the Order, the TAC did not allege that the deficient

materials submitted by the Defendants had any effect on the government's decisions to provide grants or loan money.

Although the United States' arguments are well stated, if the Court were to modify its decision to alleviate the concerns raised by the United States, such modifications would not change the outcome of the Court's decision. Nevertheless, the Court will alter its Judgment to reflect that the dismissal is without prejudice as to the United States.

## II.     Rule 9(b)

The Court also concludes that Raynor has not demonstrated any manifest error of law in the Court's analysis of the TAC under Federal Rule of Civil Procedure Rule 9(b). Although the TAC contained an overabundance of factual detail, it lacked the requisite clarity, focus, and sequence of logic regarding the Defendants' alleged fraud against the United States government.

Raynor claims it was manifest error for the Court to dismiss the TAC with prejudice, without giving him an opportunity to amend. The Court will not repeat its analysis of the TAC under Rule 9(b) here, but notes that Raynor has not stated how an additional amendment would cure its deficiencies. Federal Rule of Civil Procedure 15 governs motions to amend pleadings, and NECivR 15.1 requires that the "The motion for leave to amend must (1) specifically state the proposed amendments and (2) state whether the motion is unopposed or opposed, after conferring with opposing parties." Raynor has not submitted a proposed Fourth Amended Complaint, nor has he stated how any amendment would meet the Rule 9(b) requirements as to each of the Defendants. The principal basis for Raynor's pending Motion is that the Court's Order was legally unsound. For the reasons stated in the Court's Memorandum and Order, the TAC failed to allege fraud with the particularity required by Rule 9(b). To allow Raynor to submit a Fourth Amended Complaint would not be in the interests of justice.

Accordingly,

IT IS ORDERED:

1. The Motion to Alter or Amend Judgment (Filing No. 167), filed by the Relator Plaintiff John P. Raynor is denied; and

2. The Statement of Interest (Filing No. 169) filed by the United States of America is adopted in part as follows;

    This case is dismissed with prejudice as to Relator Plaintiff John P. Raynor, and without prejudice as to the United States of America.

DATED this 29th day of June, 2011.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge